UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CIVIL ACTION

**IN RE: HENDRIKUS EDWARD TON**   NO: 21-1029

SECTION: "H"(1)

## ORDER AND REASONS

Before the Court is Appellant Lynda Ton's Appeal from the bankruptcy court's final judgment partitioning community property (Doc. 5). For the following reasons, the bankruptcy court's judgment is **AFFIRMED**.

## BACKGROUND

This matter comes before this Court as an appeal of the May 12, 2021 final judgment of the bankruptcy court partitioning the community property of Hank and Lynda Ton. This is the third appeal arising out of this litigation heard by this Court.[1]

Hank Ton and Appellant Lynda Ton were married in 1987, and Lynda Ton filed for divorce on November 14, 2012 in Louisiana's 25th Judicial District Court. A judgment of divorce was later issued, terminating the community

---

[1] *See* Case No. 21-514 (appealing the plan of reorganization); Case No. 19-13889 (appealing August 14, 2019 judgment of the bankruptcy court partitioning the former community property of the parties).

1

property regime retroactive to the date of filing. During the marriage, the Tons owned and operated several businesses, including Abe's Boat Rentals Inc. ("Abe's").

On October 5, 2012, Hank Ton pleaded guilty to conspiracy to defraud the United States by failing to collect, account for, and pay over employment taxes in violation of 18 U.S.C. § 371 and willful failure to collect, account for, and pay over employment taxes in violation of 25 U.S.C. § 7202. In pleading guilty, Hank Ton admitted that he had underreported withheld taxes for Abe's employees between the years 2006 and 2009 and agreed to repay the amount of $3,582,451.00 in restitution to the IRS (the "Tax Liability").

On May 29, 2013, Hank Ton refinanced an existing line of credit to satisfy the Tax Liability. He personally guaranteed the $3,222,451.00 loan and used the proceeds to pay the restitution owed to the IRS. Hank Ton also liquidated a community life insurance policy and invested the proceeds into Abe's to cover its operating costs.

On April 27, 2018, Hank Ton filed a voluntary petition under Chapter 11 bankruptcy in the Eastern District of Louisiana. On October 8, 2018, Lynda Ton removed the community property partition petition to this Court, and it was referred to the bankruptcy court.

On August 14, 2019, the bankruptcy court entered an order partitioning the Tons' former community property ("the Original Partition Judgment").[2] The Tons each appealed that ruling, and on June 29, 2020, this Court vacated and remanded the ruling, holding that the bankruptcy court had erred in

---

[2] Adversary Proceeding No. 18-1129, Doc. 50.

several respects in its partition.[3] Specifically, this Court vacated the bankruptcy court's decision that the Tax Liability was Hank Ton's separate obligation and held that the debt remained a community obligation even where Hank Ton took out a loan after the termination of the community to satisfy the debt.[4] In addition, this Court vacated the bankruptcy court's imposition of damages because of the Tax Liability.[5] Finally, the Court remanded for the bankruptcy court to consider whether Hank Ton's liquidation of the life insurance policy and use of its proceeds for Abe's operations were in keeping with his duty under Louisiana Civil Code article 2369.3.[6] On remand, the bankruptcy court held that it was and that Lynda Ton therefore had no claim to his use of those proceeds.[7]

On February 9, 2021, a confirmation hearing was held during which the Debtor Hank Ton put on evidence that the proposed plan of reorganization ("the Plan") satisfied the requirements for a nonconsensual Chapter 11 "cramdown" under 11 U.S.C. § 1129. On February 25, 2021, the bankruptcy court entered an order confirming the Plan ("the Confirmation Order").[8] Appellant Lynda Ton appealed the Confirmation Order to this Court on March 12, 2021. Finding that her arguments lacked merit, this Court affirmed the Confirmation Order.[9]

Thereafter, on May 12, 2021, the bankruptcy court entered a final judgment partitioning the Tons' community property, taking into

---

[3] Case No. 19-13889, Doc. 20.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Adversary Proceeding No. 18-1129, Doc. 93.
[8] Bankruptcy No. 18-11101, Docs. 483, 484.
[9] Case No. 21-514, Doc. 19.

consideration the bankruptcy court's Original Partition Judgment, this Court's holdings on appeal, and the bankruptcy court's holding on remand ("the Partition Judgment").[10] Now before the Court is Lynda Ton's appeal from the Partition Judgment. Lynda Ton presents four issues on appeal: (1) the bankruptcy court's calculation of the former community assets and obligations; (2) the bankruptcy court's adoption of the Plan into the Partition Judgment; (3) the bankruptcy court's treatment of life insurance proceeds; and (4) the bankruptcy court's authorization of payment of Hank Ton's professional fees from community property.[11] This Court will consider each argument in turn.

## LEGAL STANDARD

Where a district court sits as an appellate court in a bankruptcy case, "[t]he bankruptcy court's findings of fact are reviewed under a clear error standard, while conclusions of law are reviewed de novo."[12] "The burden of establishing a clearly erroneous determination is a stringent one; to be convinced, the court must be left with a definite and firm conviction that a mistake has been committed."[13]

## LAW AND ANALYSIS

### A. Community Assets and Obligations

---

[10] *Id.* at Doc. 97.

[11] Lynda Ton also adopts by reference the arguments made in her cross-appeal of the August 14, 2019 Original Partition Judgment, which have already been addressed and decided by this Court. *See* Case No. 19-13889, Doc. 20.

[12] In re Amco Ins., 444 F.3d 690, 694 (5th Cir. 2006).

[13] Prudential Credit Servs. v. Hill, 14 B.R. 249, 250 (S.D. Miss. 1981).

First, Appellant Lynda Ton argues that the bankruptcy court erred in finding that the former community assets totaled $4,827,092.00 and the obligations totaled $5,592,534.09. She contends that in reaching these amounts the bankruptcy court erroneously omitted as an asset the property located at 1079 Bullock Road, Parcel 900648-C, as well as other income and assets not disclosed by Hank Ton. She also argues that the bankruptcy court erroneously treated two promissory notes incurred by Hank Ton after termination of the community regime as community obligations.

1. Parcel 900648-C

Curiously, the Original Partition Judgment clearly takes into consideration the value of Parcel 900648-C when calculating community assets.[14] The parcel is valued at $320,000 pursuant to a stipulation between the parties.[15] Further, Appellant did not raise any arguments regarding this parcel in her appeal of the Original Partition Judgment.

2. Other Assets

Next, Appellant complains that the Partition Judgment does not take into consideration assets not disclosed by Hank Ton, such as two pickup trucks and equity in other property and entities. Just as with Parcel 900648-C, many of the assets that Lynda Ton alleges were not included are specifically listed in the Original Partition Judgment at amounts stipulated to by the parties.[16] Only a few assets—a 2009 Silverado pick-up truck, a 2014 Silverado pick-up truck, equity in Magnolia Outdoors (MS), LLC, and equity in 33411 Hwy. 23, Empire, Louisiana—are not listed in the Original Partition Judgment. In her

---

[14] Adversary Proceeding No. 18-1129, Doc. 50 at 7.
[15] *Id.*
[16] *Id.*

briefing, however, she admits that Hank Ton acquired equity in Magnolia Outdoors (MS), LLC in 2018—well after termination of the community regime—and that the trucks were originally owned by Abe's before being transferred to Hank Ton after termination of the community. Accordingly, these items are not community property. Appellant offers no argument as to why equity in 33411 Hwy. 23, Empire, Louisiana, should have been included as a community asset. Accordingly, she has not shown any error in the bankruptcy court's calculation of the community assets.

### 3. Obligations

Lynda Ton next argues that the court erred in treating as a community obligation the claim of OCM ENGY Holdings, LLC, which encompasses two promissory notes that were executed after the community property regime terminated. The record makes clear, however, that those notes merely refinanced community obligations, such as the Tax Liability discussed on appeal of the Original Partition Judgment. As this Court has previously held, Louisiana law is clear that obligations are classified at the time that they are incurred.[17] The fact that a loan was later secured to satisfy the obligation is of no consequence.[18] Accordingly, Lynda Ton has not shown that the bankruptcy court erred in calculating the community obligations.

### B. The Reorganization Plan

Next, Appellant alleges that the bankruptcy court failed to actually partition the former community property in the Partition Judgment, instead adopting by reference the Plan approved in the Confirmation Order. Aside from

---

[17] LA. CIV. CODE art. 2361.
[18] *See* Case No. 19-13889, Doc. 20.

this conclusory statement, Lynda Ton fails to provide any argument on this point. Accordingly, she has not shown how the bankruptcy court erred by incorporating the Plan into the Partition Judgment.

### C. Life Insurance Proceeds

Here, Lynda Ton seeks to rehash arguments regarding Hank Ton's liquidation of a community life insurance policy to fund Abe's operations. This Court addressed these arguments in Lynda Ton's prior appeal of the Original Partition Judgment, and those holdings remain unchanged. Further, Lynda Ton has not presented any evidence that the bankruptcy court erred in holding that Hank Ton's liquidation of the life insurance policy and use of those proceeds to fund Abe's was consistent with his statutory duty to preserve former community property under his control pursuant to Louisiana Civil Code article 2369.3. Accordingly, this argument too fails.

### D. Professional Fees

Finally, Appellant complains that the bankruptcy court erred in authorizing the payment of Hank Ton's professional fees of the bankruptcy estate from the funds and property comprising her undivided interest in the former community property. She contends that under Louisiana law, former spouses become co-owners of community property after termination of the community property regime and that the co-owned former community property can only be assessed for expenses or claims that arose prior to that termination. She argues that the administrative expense at issue here arose during Hank Ton's bankruptcy filed after termination of the community and therefore should not have been assessed against her portion of the former community property.

Even assuming her argument is correct, the bankruptcy code preempts state law where the two conflict.[19] "Through the operation of [11 U.S.C. §] 541(a), a bankruptcy estate acquires both spouses' interests in the community property and is therefore the sole owner (even where one spouse does not file bankruptcy)."[20] Pursuant to 11 U.S.C. § 726(c)(1), administrative expenses are paid first from community property "or from other property of the estate, as the interest of justice requires." Accordingly, the Bankruptcy Code contemplates the payment of administrative expenses from former community property that has become part of the bankruptcy estate. Lynda Ton has not shown how the interest of justice requires a different result here. Her arguments that the assessment of administrative fees against her portion of community property amounts to a "gratuitous confiscation" are not compelling where the cases to which she cites address the non-debtor's entitlement to payment from the *sale* of property, not the payment of administrative fees from the former community property.[21] Accordingly, Appellant has not shown that the bankruptcy court erred in assessing administrative expenses against her portion of the former community property.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's decision is **AFFIRMED**.

---

[19] In re Perry, 425 B.R. 323, 397 (Bankr. S.D. Tex. 2010) (citing Fla. Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142–43 (1963)).

[20] In re Wiggains, 535 B.R. 700, 719–20 (Bankr. N.D. Tex. 2015), *aff'd sub nom*. Matter of Wiggains, 848 F.3d 655 (5th Cir. 2017).

[21] *See, e.g.*, *id.*

New Orleans, Louisiana this 23rd day of May, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**